# United States Bankruptcy Court
## Eastern District of Wisconsin

In re    Paula T. Forbes      Case No.       
Debtor(s)    Chapter    13

## CHAPTER 13 PLAN

1. <u>Payments to the Trustee</u>: The future earnings or other future income of the Debtor is submitted to the supervision and control of the trustee. The Debtor (or the Debtor's employer) shall pay to the trustee the sum of $557.00 per month for 36 months.

    Total of plan payments: $20,052.00

2. <u>Plan Length</u>: This plan is for 36 months.

3. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

    a. Secured creditors shall retain their mortgage, lien or security interest in collateral until the amount of their allowed secured claims have been fully paid or until the Debtor has been discharged.

    b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. § 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor and any Co-Obligor.

    c. All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

    d. The Debtor(s) is (are) required to turn over to the Trustee 50% of all federal and state income tax refunds received by them during the term of the plan, excepting only any federal income tax refund constituting earned income credit. The Debtor(s) is (are) required to provide the Trustee with copies of both the federal and state income tax returns, including all schedules filed, within 15 days of filing and in no case later than April 15th of each year of the plan. The refunds will be added to the base amount in order to increase the percentage of payback to unsecured creditors.

    e. Plan Payments to begin on:   05/01/2006  .

4. From the payments received under the plan, the trustee shall make disbursements as follows:

    a. Administrative Expenses
    (1) Trustee's Fee:     Amount to be determined by the Office of the U. S. Trustee.
    (2) Attorney's Fee (unpaid portion):    $2,000.00 to be paid through plan in monthly payments of $400 per month until paid in full. Any tax refunds shall first be applied to any unpaid portion of debtor's attorney fees.
    (3) Filing Fee (unpaid portion):   NONE

    b. Secured Claims

    (1) 11U.S.C. § 1326 adequate Protection Payments. Adequate protection payments to the following Creditors holding allowed claims secured by a purchase money security interest in personal property shall be paid by the Trustee through the plan as provided below. Adequate protection payments shall not accrue or be paid until the Creditor files a proof of claim. The principal amount of the Creditor's claim shall be reduced by the amount of the adequate protection payments remitted.

    | Name | Description of Collateral | Monthly Payment |
    |---|---|---|
    | Educators Credit Union | 1999 Chrysler | $120 months 1-5 |

(2) Secured Debts Which Will Not Extend Beyond the Length of the Plan

(a) Secured Claims Subject to Valuation Under § 506. The Debtor moves the Court to value collateral as follows according to 11 U.S.C. § 506(a). Each of the following secured claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the secured value or the amount of the claim, whichever is less, has been paid in full. Any remaining portion of the allowed claim shall be treated as a general unsecured claim. Any claim with a secured value of $0 shall be treated as a general unsecured claim.

| Name/Description of Collateral | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| Educators Credit Union 1999 Chrysler Concorde | 4,112.50 | $414.56 months 6-14 | 8.50% |

(b) Secured Claims Not Subject to Valuation Under § 506. Each of the following claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the amount of the claim as set forth in the Creditor's proof of claim has been paid in full.

| Name/Description of Collateral | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) | Total Paid |
|---|---|---|---|---|
| -NONE- | | | | |

(3) Secured Debts Which Will Extend Beyond the Length of the Plan

| Name/Description of Collateral | Amount of Claim | Monthly Payment | Interest Rate (If specified) | Total Paid (during plan term) |
|---|---|---|---|---|
| -NONE- | | | | |

c. Priority Claims under 11 U.S.C. § 507

(1) Domestic Support Obligations

(a) Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

(b) The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

-NONE-

(c) Anticipated Domestic Support Obligation Arrearage Claims. Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

| Creditor (Name and Address) | Estimated arrearage claim | Projected monthly arrearage payment |
|---|---|---|
| -NONE- | | |

(d) Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

Claimant and proposed treatment: -NONE-

(2) Other Priority Claims.

| Name | Amount of Claim | Interest Rate (If specified) | Total Paid |
|---|---|---|---|
| -NONE- | | | |

d. Unsecured Claims
(1) Special Nonpriority Unsecured: Debts which are co-signed or are non-dischargeable shall be paid in full (100%).

| Name | Amount of Claim | Interest Rate (If specified) | Total Paid |
|---|---|---|---|
| -NONE- | | | |

(2) General Nonpriority Unsecured: Other unsecured debts shall be paid pro rata, with no interest if the creditor has no Co-obligors, provided that where the amount or balance of any unsecured claim is less than $10.00 it may be paid in full.

The total payout to unsecured creditors at 10% is $3,229.16.

5. The Debtor proposes to cure defaults to the following creditors by means of monthly payments by the trustee not to conflict with any other payment in the plan:

| Name/Description of Collateral | Proposed Amount of Allowed Secured Claim | Interest Rate (If specified) |
|---|---|---|
| City of Milwaukee<br>4902 N. 88th St. Milwaukee, WI 53225 | 3,000.00 | 0.00% |
| Countrywide<br>4902 N. 88th St. Milwaukee, WI 53225 | 5,025.00 | 0.00% |
| General Motors Mtg Corp<br>4902 N. 88th St. Milwaukee, WI 53225 | 1,012.00 | 0.00% |

6. The Debtor shall make regular payments directly to the following creditors:

| Name/Description of Collateral | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| Countrywide<br>4902 N. 88th St. Milwaukee, WI 53225 | 98,560.00 | 705 | Contract Rate |
| General Motors Mtg Corp<br>4902 N. 88th St. Milwaukee, WI 53225 | 25,403.00 | 253 | Contract Rate |

7. The employer on whom the Court will be requested to order payment withheld from earnings is:
$129 weekly from employer listed on Schedule I.

8. The following executory contracts of the debtor are:

   **Rejected:**

   | Other Party | Description of Contract or Lease |
   |---|---|
   | -NONE- | |

   **Assumed:**

   | Other Party | Description of Contract or Lease |
   |---|---|
   | -NONE- | |

9. Property to Be Surrendered to Secured Creditor

   | Name/Description of Collateral | Amount of Claim | Description of Property |
   |---|---|---|
   | -NONE- | | |

10. The following liens shall be avoided pursuant to 11 U.S.C. § 522(f), or other applicable sections of the Bankruptcy Code:

    | Name/Description of Collateral | Amount of Claim | Description of Property |
    |---|---|---|
    | -NONE- | | |

11. Title to the Debtor's property shall revest in debtor on discharge or dismissal of the plan.

12. As used herein, the term "Debtor" shall include both debtors in a joint case.

13. Other Provisions:

    Failure to object to this plan deems acceptance to the plan except to the extent of an allowed secured claim.

    Modification. Debtor may file a modification of this plan that is not materially adverse to creditors without providing notice to creditors if the Chapter 13 Trustee determines that said modification is not materially adverse.

## SUMMARY AND ANALYSIS OF PLAN PAYMENTS TO BE MADE BY TRUSTEE

Total debt provided under the Plan and administrative expenses:

| | | |
|---|---|---:|
| 1. | Attorney Fees | 2,000.00 |
| 2. | Arrearages | 0.00 |
| 3. | Secured Claims | 13,687.76 |
| 4. | Priority Claims | 0.00 |
| 5. | Separate Class of Unsecured Claims | 0.00 |
| 6. | All other unsecured claims | 3,229.16 |
| | Total payments to above Creditors | 18,916.92 |
| | Trustee fees | 1,135.08 |
| | Total Debtor payments to the Plan | 20,052.00 |

Date  March 20, 2006      Signature  /s/ Paula T. Forbes
                                                                       Paula T. Forbes
                                                                       Debtor

Software Copyright (c) 1996-2005 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037    Best Case Bankruptcy

Case 06-21467-mdm   Doc 8   Filed 04/21/06   Page 4 of 4